PEOPLE ex rel. JULIUS W. PINK, REUBEN B. APPEL and EMMA REED, for a Writ of Peremptory Mandamus, Relators, *v.* EDWARD FORMAN, as Sole Trustee of School District No. 5 of the Towns of Pleasant Valley and Hyde Park, Respondents.

(Supreme Court, Dutchess Special Term, January, 1919.)

Mandamus — when writ of, will issue — schools — Education Law, § 567.

> Where at a duly called special meeting of a school district of Dutchess county there was passed a resolution to pay for the education of any child of the district who qualified for and attended the Poughkeepsie High School, and directed the levy

of taxes therefor, a writ of mandamus will issue directing the trustee of said district to pay the tuition of relator's children at said high school. Authority for such action on the part of the school district is found in section 567 of the Education Law.

APPLICATION for a writ of mandamus.

John E. Mack, for relators.

Edward Forman, trustee, in person.

Sylvester R. Shear, superintendent of schools, for Poughkeepsie High School.

Clayton Sherman, district superintendent of schools, in person.

MORSCHAUSER, J. The relators apply for a writ of mandamus directing the school trustee to pay the tuition of their children in the Poughkeepsie High School. The school trustee appears and states very frankly that he is entirely willing to pay the same but that he is informed and believes that he is not permitted to pay the tuition of children over the age of sixteen years, and that if he makes such payment he will be personally liable to the school district.

Moneys expended for this purpose will prove a splendid investment by the district. Experience from the examination of the drafted men at Upton and other camps has established this beyond question.

My attention is called to a ruling of Mr. Gilbert, counsel for the state education department, which it is claimed held that the district could not pay for the tuition of a child over sixteen. From the discussion it is evident that the scope of that decision was that where a child had completed the curriculum of the district school at the age of fourteen, the trustee was

bound to provide for the higher education of the child until she had arrived at the limit of compulsory educa-tion, to wit, the age of sixteen, even though the tax-payers refused to pass any resolution.

It is conceded that on September 23, 1918, at a duly called special meeting the district voted to pay for the education of any child of the district who qualified for and attended the Poughkeepsie High School and directed the levy of taxes therefor. Section 567 of the Education Law provides that the school age is from five to twenty-one years, and provision is also made that the district may contract for the education of all or part of its school children in another district or city, and the state contributes toward the payment of such tuition.

The action of the district in making provision for the continuance of the education of its children in the Poughkeepsie High School, is to be commended. The future of this country depends on the proper education of its children and no child having sufficient industry and energy to desire a high school education should be required to pay for it.

In this case the district has passed the resolution and for this they are to be congratulated.

I direct the trustee to carry out their instructions, and that a writ issue.

As the attorney for the petitioner states in open courts that inasmuch as he stands *in loco parentis* to all nonresident pupils attending the Poughkeepsie High School, he desires no costs, the writ will issue without costs. Otherwise costs would follow as a matter of law.

Ordered accordingly.